# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2022

Lyle W. Cayce
Clerk

No. 21-30599
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TYQUARIO DERELL ADAMS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:16-CR-57-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Tyquario Derell Adams appeals the judgment on the revocation of his supervised release.  He contends that the written judgment must be corrected

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

because it conflicts with the district court's oral pronouncement of his sentences at the revocation hearing.[1]

A district court's oral pronouncement of the sentence controls over the written judgment if they conflict. *United States v. McGinnis*, 956 F.3d 747, 761 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1397 (2021). As the Government concedes, Adams is correct that the oral pronouncement and written revocation judgment conflict in the following manner. The district court clearly stated in its oral pronouncement that the 24-month prison terms being imposed were to run concurrently with Adams's state sentence in case number 20-CR-031077 in the 42nd Judicial District Court in DeSoto Parish, whereas the written judgment plainly imposes the more burdensome requirement that they be consecutive to that state sentence.

Accordingly, the case is REMANDED to the district court for the limited purpose of amending the written revocation judgment to conform with the oral pronouncement, consistent with this opinion. *See McGinnis*, 956 F.3d at 761. In all other respects, the judgment is AFFIRMED.

---

[1] In his opening brief, Adams also argued that his revocation sentences are illegal because their terms of supervised release exceed the statutory maximum. However, his reply brief indicates that he withdraws that issue. Thus, we do not consider it.